UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BENNETT,

    Plaintiff,

    v.

RICK SNYDER,

    Defendant.
_____/

Case No. 15-cv-14463

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER TRANSFERRING PLAINTIFF'S COMPLAINT [1] TO THE WESTERN DISTRICT OF MICHIGAN**

David Bennett, a Michigan Prisoner currently residing at the Muskegon Correctional Facility, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. The complaint names Michigan Governor Rick Snyder as defendant. *Id.* Plaintiff's complaint asserts that Governor Snyder signed a bill into law that was void, invalidating his 2007 Calhoun County conviction for ten counts of first-degree criminal sexual conduct. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

The Defendant named in the complaint is the Governor of the State of Michigan, who resides in Lansing, Michigan. The relevant events described in the complaint are alleged to have occurred in Lansing and/or Calhoun County. The proper venue for civil actions is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b). The relevant locations are within the United States District Court for the Western District of Michigan.

-2-

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." *See Weatherford v. Gluch*, 708 F. Supp. 818, 819 (E.D. Mich. 1988) (quoting 28 U.S.C. § 1404(a)). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. This Court therefore lacks venue for the § 1983 claim against defendant. *See Mihalek Corp. v. State of Mich.*, 595 F. Supp. 903, 906 (E.D. Mich. 1984).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated: January 12, 2016  /s/Gershwin A Drain  
Detroit, MI  HON. GERSHWIN A. DRAIN  
United States District Court Judge